IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Mark B. Aronson,

    Plaintiff,

vs.

Chase Bank USA, N.A.,

    Defendant.

AMBROSE, Senior District Judge

Civil Action No. 10-1256

## OPINION and ORDER OF COURT

This is a dispute between *pro se* Plaintiff Mark B. Aronson ("Plaintiff") and Defendant Chase Bank USA, N.A. ("Defendant"). Plaintiff alleges that Defendant unlawfully invaded his privacy by making public in a court pleading his credit card information and itemizations of credit card purchases he made over a period of years. Defendant removed this case to this court from the Court of Common Pleas of Allegheny County, Pennsylvania. Pending before the court are Defendant's Motion to Dismiss Plaintiff's Complaint (Docket No. 3) and Plaintiff's Motion to Remand (Docket No. 5). After careful consideration and as set forth more fully below, Plaintiff's Motion to Remand is granted, Defendant's motion to dismiss is denied as moot in part and denied without prejudice in part as set forth more fully below.

### I. BACKGROUND

On or about August 19, 2010, Plaintiff commenced this action by filing a *pro se* Complaint in state court. (Docket No. 1-2). The Complaint alleges, *inter alia*, that Defendant filed a public pleading in state court containing private information including numerous references to one of Plaintiff's credit card numbers and an itemization of purchases Plaintiff

made using that card. Although the Complaint does not delineate specific counts, it avers at the end of the factual allegations that "Defendant's conduct may have violated the Fair and Accurate Credit Transaction Act, 15 U.S.C. § 1681 et seq. [known as "FACTA"] and other federal acts and state statutes." Complaint ¶ 13. The Complaint further alleges that "[a]s a direct and proximate result of Defendant's intentional conduct set forth above, Plaintiff has sustained an invasion of his privacy." Id. ¶ 14.

On September 22, 2010, Defendant filed a Notice of Removal to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, based upon federal question jurisdiction under 28 U.S.C. § 1331. (Docket No. 1). On September 29, 2010, Defendant filed a Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Brief in Support (Docket Nos. 3, 4), arguing that the Complaint fails to state a claim under FACTA or a claim for invasion of privacy under Pennsylvania law. On October 7, 2010, Plaintiff filed a Response to the Motion to Dismiss and Opposition Brief, requesting to withdraw his FACTA claim, leaving just his alleged claim for common law invasion of privacy. (Docket Nos. 6, 7). On that same date, Plaintiff filed a Motion to Remand, requesting that I remand the case to state court on the grounds that once the FACTA claim is withdrawn, there is no longer a federal question. (Docket No. 5). On October 19, 2010, Defendant filed a Response in Opposition to the Motion to Remand. (Docket No. 8). The motions are ripe for review.

## II. ANALYSIS

In his response to the motion to dismiss, Plaintiff does not contest the substance of Defendant's arguments in support of dismissal of his FACTA claim. Rather, Plaintiff requests to withdraw his FACTA claim, leaving only his common law invasion of privacy claim. See Docket No. 6. Defendant does not offer any compelling reasons in opposition to Plaintiff's request to withdraw the FACTA claim. Indeed, Defendant moves to dismiss the claim, arguing that FACTA

2

pertains solely to information printed on customer receipts and does not even arguably apply to the facts alleged in the Complaint. See Docket No. 4, at 4. I recognize that Plaintiff has not filed an amended complaint or formally moved to withdraw the FACTA claim. Given Plaintiff's *pro se* status, however, and in the interest of judicial economy, I order that the FACTA claim is hereby withdrawn, with prejudice. Defendant's motion to dismiss the FACTA claim is denied as moot.

Plaintiff next moves to remand this case to state court on the grounds there are no remaining federal claims and, therefore, I do not have federal question jurisdiction. See Docket No. 5. Defendant opposes remand, arguing that federal question jurisdiction existed at the time of removal and that withdrawal of Plaintiff's FACTA claim would have no bearing on such determination. Docket No. 8 at 1-2.

As an initial matter, I agree with Defendant that removal of this case to federal court was proper. As Defendant correctly explains, the nature of plaintiffs' claims must be evaluated on the basis of the record as it stands at the time the petition for removal is filed. See Husing Group of Cos., Inc. v. Auction 123, Inc., Civil Action No. 07-1277, 2008 WL 163046, at *2 (W.D. Pa. Jan. 15, 2008) (citing cases). Here, at the time Defendant filed its Notice of Removal the Complaint alleged a violation of FACTA, a federal statute, and, therefore, federal question jurisdiction existed at the time of removal. See id.[1]

As set forth above, however, both parties agree that Plaintiff's FACTA claim should be dismissed from this case, leaving only Plaintiff's state law invasion of privacy claim.[2] Thus, the question is not whether or not removal was proper at the outset, but whether I should continue to exercise jurisdiction over this matter now that only the pendent state law claims remain.

---

[1] Because I had original jurisdiction over the federal claim at the time of removal, I have supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).
[2] Although Defendant argues that Plaintiff's invasion of privacy claim necessarily is based on an untenable FACTA violation, Plaintiff disagrees and I likewise do not read the Complaint so narrowly.

3

Under 28 U.S.C. § 1367(c), I may decline to exercise supplemental jurisdiction over a state-law claim if, *inter alia*, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). After careful consideration of the circumstances surrounding this case, including that the case remains in the very early stages of litigation and that the common law invasion of privacy claim is better suited for resolution by the Pennsylvania state courts, I decline to continue to exercise supplemental jurisdiction at this time.

Courts have held that the district court's discretion in this regard is not limited to dismissal of a pendent state-law claim without prejudice, but that the court also may choose to remand a properly removed case to state court when all federal-law claims in the action have been eliminated and only pendent state-law claims remain. See, e.g., Whittaker v. CCIS North of Philadelphia, Civ. A. No. 10-1095, 2010 WL 164492, at *2 (E.D. Pa. Apr. 22, 2010) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988) and other cases). After careful consideration, I find that remand in this case will best accommodate the values of economy, convenience, fairness, and comity. Accordingly, Plaintiff's motion to remand is granted and Defendant's motion to dismiss Plaintiff's state-law claims is denied without prejudice.

## III. CONCLUSION

For all of the reasons set forth above, Plaintiff's request to withdraw his FACTA claim is granted and the claim is dismissed with prejudice; Plaintiff's Motion to Remand is granted; Defendant's Motion to Dismiss the FACTA claim is denied as moot; and the remainder of the Motion to Dismiss is denied without prejudice.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Mark B. Aronson, )
    Plaintiff, )
  )
vs. ) Civil Action No. 10-1256
  )
Chase Bank USA, N.A., )
    Defendant. )
  )
AMBROSE, Senior District Judge )

## ORDER OF COURT

AND NOW, this 3rd day of January 2011, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered as follows:

1. Plaintiff's claim under the Fair and Accurate Credit Transaction Act, 15 U.S.C. § 1681 *et seq.* ("FACTA") is dismissed with prejudice in light of Plaintiff's request to voluntarily withdraw that claim;

2. Plaintiff's Motion to Remand (Docket No. 5) is granted, and the remainder of this case is remanded to the Court of Common Pleas of Allegheny County; and

3. Defendant's Motion to Dismiss (Docket No. 3) is denied as moot with respect to Plaintiff's FACTA claim, and the remainder of the Motion to Dismiss is denied without prejudice in light of the remand.

                                                          BY THE COURT:

                                                          /s/ Donetta W. Ambrose
                                                          Donetta W. Ambrose
                                                          Senior U.S. District Judge